and Garrett Rolfe, 22-11359. Mr. Goldberg, you have 5 minutes for a rebuttal. Let me make sure opposing counsel is ready. Mr. Goldberg, I'd like to say it's been good to see you again after a number of years. We've gone in different directions. You've got more hair and I've got less. Yeah, Judge, you wake up in the morning, you look at the mirror, the mirror says, a lot of time gone by. I want to present Mr. Johnson. I'm going to cut directly to the issue that you asked us about in the last month, which is, what is the effect of the incorporation doctrine and Baker? Because I think in one sense, that resolves almost all of this case. In this particular case, there is not one element of the incorporation doctrine that applies. The video tapes are not referenced. They're not mentioned in the complaint. They're not central to the complaint. And the contents are not undisputed. In Baker, the claimant in that case told us... Are you saying the requirement is the contents are not undisputed or the authenticity is not undisputed? Your Honor, I apologize. I'm having a little bit of trouble hearing you. Contents can be something happened and we don't know exactly why it happened or if there was anything else that happened. But the requirement that the cases repeat, or at least a number of them repeat, is that the video or the document is authentic. It hasn't been tampered with. I'm not arguing that it has been tampered with. You're just arguing that it's subject to different interpretations. I am, Your Honor. Well, isn't every fact subject to different interpretations? I don't think so. And I'll get to that right now and simply say that on one of the videos... First of all, in Baker, there is an audio. In this case, there is no audio. And that is the most important fact. We don't know, for example, any of the interaction, how it sounded. We don't know how hard Mr. Johnson hit the asphalt because you can't hear that. Then you admit the video for what it does show and anybody can tell you don't know how hard he hit the... You can't hear him hit the pavement. Your Honor, I think I would phrase it this way. Years ago, I had Hawks tickets and I had been watching basketball all my life and I watch basketball now. And I had Hawks tickets under the basket. And it was the first time and the last time I ever heard how the game sounded, how I heard that the people were rebounding and grunting and, you know, all the sort of stuff, how hard it was to work under the basket. I'd never even seen that before. And I think that was an important fact. But in this particular case, if we get back to the main argument, which is that this video is not referred to in any way, shape or form. Let me let me ask you a question about that. So we asked you specifically about Baker and Baker, our case lists three requirements that one of which is the complaint refers to the footage. But then Baker cites back to two of our earlier cases. And if you start looking back at our earlier cases, we don't talk about three requirements. We talk about two. And the requirement of the complaint referring to the footage appears to in Baker have come into play because of Brooks. And there seems to be an erroneous site in Brooks. But our earlier cases only have two requirements. Well, Your Honor, this Court has gone from two to three to three to two, depending on which case you read. Well, it's earlier it's two. And then there seems to have been some arguably misreading of Brooks that may have. But but if we've always if our prior precedent says two, how do we then get to three? Well, Your Honor, I must say that I still have trouble thinking that a videotape is a written instrument under FRCP 10C. Now, I don't get to argue that. But I have trouble with that. And I think if you go back to every single one of the cases, every single one of these courts cases requires some kind of reference or attachment. Not so. Not so. Here's the deal. We follow the first panel out of the box on a holding, not a statement, not dicta, but something that matters to the case and something that doesn't go beyond the facts of the case. What we look for, for whether mentioned or referred to in the complaint is the law, is precedent, is the first case to hold that. And a case can only hold whether or not a reference in the complaint is necessary if there is no reference in the complaint. And the case holds we can't consider it because there's not a reference. That was a fact that fit that. Or if they hold there's no reference in the complaint and we can consider it. And in my searching, Maxis v. Lucitex, which was a 2005 and which is cited by the officer, is the first time in which the court said there's no mention in the complaint, but it's authentic and therefore it can be considered. Well, Your Honor, the question is how do you figure out the central part? And if you look at the case law, and I'm thinking in particular of . . . It shows the facts that are alleged to have occurred, which you allege are excessive force and lack of cause and so forth. Your Honor, the case law in Day v. Jones and in Roberts, they talk about the difference between whether or not it's important and whether or not it's central. I can prove my case without the videotapes. Well, yeah, I guess you can. That's the only way you can prove it, perhaps. But that doesn't make it central. What makes it central is it's about the facts that are in dispute. Your Honor, this court in Day and in Roberts, which was unreported, and in . . . In the case written by Judge Martin, I'm trying to remember at the moment what it was, talks about the difference between whether or not it's important to the case, which it may be, and whether or not it's central. And, again, I think it's not central in that sense. But I want to go back to whether or not it's clear as . . . I actually have a different question for you before you move on. Let's say that I am concerned about referencing, since it's called the incorporation by reference. What about the argument that this video was, in fact, referenced in the 12C filing, and that that's a distinction from Baker? In terms of Baker talked about 12B-6, he needed it in the complaint. But this is a 12C. Why isn't that enough for the reference point? Your Honor, I think what we're talking about is whether or not I have a right to put on any evidence whatsoever. And in 12C, 12C and 12B-6 for incorporation are interpreted the same. And . . . Right, but you can look at what's Well, Your Honor, I don't think that anybody has expanded the incorporation doctrine under 12C beyond what was allowed under 12B-6. I think this Court has used the same standards throughout. And I think in the case that Judge Karn wrote, I think he said the same thing. The Horsley case. But in all those cases, again, they keep referring to the fact that it is mentioned in some way. In fact, the only case that I could find that said differently was the Harris v. Ivick's case. But there they were relying almost on judicial incorporation and judicial notice. Well, so that actually brings me to my second question. Why wouldn't this be, why wouldn't this be a case where the Court could take judicial notice? Well, Your Honor, I don't think you take judicial notice of evidence in the sense of a videotape. I don't know of any case where judicial notice of a videotape has ever been taken. I believe you, but I guess why not is my question. Well, Your Honor, I think that's carrying 10C and the incorporation doctrine way beyond its means. What this Court has taken judicial notice of are government documents or court records or something. But a videotape is not that. It just isn't. I mean, I get that it is different, but I'm still looking for a reason why it's different besides that it's different. Judicial notice, it seems to me, is a way of taking notice of something that everybody knows. And I don't think that a videotape is something that everybody knows. I mean, it gets back, it gets back to Scott and it gets back to... Your argument is, of course, you can take judicial notice, this just doesn't meet the requirements. That's your argument. It doesn't meet the requirements of judicial notice. But I can't make that argument because Baker says to the contrary and... Yeah, but it didn't change the requirements for judicial notice. It says you can take judicial notice or we can have this incorporation by reference. But it didn't say to take judicial notice, you don't have to have something that everyone recognizes is true and is an independent source and so forth and so on. Well, Your Honor, I think one answer would be that nobody in this case has raised judicial notice until you have. The Court didn't say it was taking judicial notice. Yeah, you being the royal you, I didn't raise it. I'm sorry, Your Honor, I just could not hear you. No problem. I'm into my time. Thank you. You have five minutes for a rebuttal. Thank you. Mr. Mitchell. And so you're going to have 13 and give two to your co, the person sitting at your table, Mr. Cunningham. That is correct. All right. May it please the Court, my name is Thomas Mitchell and I represent Garrett Walsh in this matter. I was going to spend just a couple minutes talking about the qualified immunity issue, but it sounds like the Court, I take from the comments that if you do consider the video, it seems pretty clear that there's not a Fourth Amendment violation. If the Court has questions about that, I'm happy to answer them. But I think the Alston case, the Rodriguez case, and the Sutherland cases that I cite in my briefs deal with the handcuffing process. I think that if this video can be incorporated, it's sufficiently clear that there's no Fourth Amendment violation. So if there are no questions on that issue, I'll move on to the video issue. I think that if there had been any reference in the complaint in this case, this would fall squarely within Baker. So the question becomes, is the fact that the plaintiff assiduously avoids mentioning video in the complaint, does that mean that the Court can't consider it? I think that the overlay of qualified immunity and what the Supreme Court has said about deciding qualified immunity issues at the earliest possible stage is important, at least in this case. And one of those cases that said that was Scott v. Harris. Now, Scott was a motion for summary judgment case, but one of the cases said that if there are video that contradicts the testimony, or we've argued in this case, the pleading, then the Court must consider it, especially on the qualified... I mean, I think that is obviously different, though, because at summary judgment, it's just an entirely different universe. So what we need to know is whether it can be considered on the pleadings at this stage. And I think the Court has already pointed out that, if you go back to the earliest precedent, there's only two elements. It's got to be central, and it's got to be undisputed in terms of the authenticity. And so, and I think that when this third prong comes into play, is that I think what the Court has found is that if it is mentioned by the plaintiffs in the complaint, then it's almost de facto central. Now, there have been cases where that has not been the case, but when it's usually at issue, then usually they're going to find that if it is mentioned by the plaintiff, then it is central. But in Horsley, there were only two requirements, and that was centrality and undisputed. And as Judge Carr pointed out, in the Maxis case, it says it was not the document, it was a document in that case, the purchase agreement, it was not mentioned nor attached to the complaint, but it was central and it was undisputed. And what the Court has said in those cases is it goes to the relationship of the parties. And as I have mentioned in my briefs, I don't know, when you see the video of the interaction between the officer and the arrestee, that's their relationship. So the video, the clear video of the interaction between the arrestee and the officer establishes the relationship for Fourth Amendment purposes of those two individuals. And so therefore, of course, that it ought to be, the Court ought to be able to consider that. There's really only six words that could have been included in the complaint, and I'm not, I think, again, it would fall squarely within Baker, and that would have been, there's a video of the incident. The thing is, I don't know why y'all are, well, we told you to, but Baker, it was referred to in the complaint. The opinion says the requirements of incorporation by reference doctrine are easily satisfied. First, Baker referenced the body camera footage in his complaint several times. Okay. So it could not have held that it is required that you refer to the evidence in question, and it could not have held that you don't have to, because the facts of the case were it did. That's correct, and I acknowledge that, Your Honor, but I think Horsey and Maxfess stand for the principle that it doesn't have to be, it doesn't have to be mentioned, and it doesn't have to be included in the complaint. It can be, Horsey talked about the interaction between 12b and 12c, and in that case, it was attached to the motion. When this case, I filed an answer, and filed certified copies of those videos, and then used, rather than filing a motion to dismiss, which this court doesn't allow documents to be attached to motions to dismiss, I actually attached them to a pleading. And in fact, in our day case, we note that a court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment. Again, reiterating the two claims of Horsley, and it says, our prior decisions also make clear that a document need not be physically attached to a pleading to be incorporated by reference into it. If the document's contents are alleged in a complaint, and nobody questions those contents, we may consider such a document. And I think the contents were important. It supports what I said just a minute ago. The contents of the relationship between the officer and the arrestee is shown clearly on the video. And so that, again, is another reason that I think the court can consider the video when making the determination, especially with regard to the qualified immunity and the court's amendment issue. I think that another case that leads in that same direction is the SFM Holdings versus Bank of America Securities LLC. Again, it's a document. But in that case, the document issue was not specifically referenced in the complaint, but it was included in what was called account opening documents. And the court said, okay, we're going to consider it because it's included in that. And I think that dovetails with the use of the word content in the day case, so that when you look at, again, the relationship between the officer and the arrestee is shown clearly on the video. And one thing that I do need to correct, I think the court's aware, the body cam video has audio. The dash cam has audio, but it's hard to hear. And if we only had the body cam, it doesn't show the takedown. And I think that I would be in a different position. Dash cam clearly shows the takedown, shows that it's a de minimis use of force. I understand that the injury may have been severe, although on the video, he says he'd refused medical care. But the body cam, while you don't see the actual takedown, you hear it. And then you have the video for the dash cam that shows it. You hear it and you see that entire, you can see clearly that interaction. Yes, it's night. Yes, it's raining. That's a distinction with Baker. But it is dead on and it is clear that can be seen. They're not obstructed by the cars. They're not obstructed by other individuals. And as a result, it seems, I think that it can be considered. But the McDowell case versus Gonzalez, 820 Fed Appendix, it's an unrecorded case, 989. That's a 2020 case. That's a 20 v. 6. The opinion doesn't reference the fact that the video was referenced in the Croce complaint. I looked at the complaint and, in fact, the complaint in that case did reference it. But it wasn't, for whatever reason, it wasn't important to the court's decision. Because, again, the court, like it has in so many of these cases, has simply said that centrality and authenticity or undisputed authenticity are the crux of whether or not the incorporation can occur. Cantrell versus McClure says the same thing. It really doesn't matter what the opinion says so much as what it holds. And it can't hold anything beyond the facts of the case. And if it is mentioned in the complaint, it doesn't matter whether the opinion says it must be mentioned in the complaint. The only way you can have a holding on that is if it's not mentioned in the complaint. And that's the Maxcess case. Yeah. That's the first case and everything flowed from it. Maxcess and Horsley. Again, Horsley is a little different. But they've been consistently cited on these issues. And Brooks is sometimes cited. But that's wrong. And my bad on that one. But the reason it's wrong is it was an incorporation of the holdings of the district court opinion by the learned Judge Stanley Marcus sitting as a district court judge. He was one then. And we said we affirm on the basis of Part 3. And in Part 1, we said here are the three requirements. But you get to Part 3. I'm sorry. He said here are the three requirements we adopted. You get to Part 3. And what he said was they put this, attached it, referenced it in. And so I let everybody have summary judgment style procedure. So anything that was said before that, pure dicta anyway. So it all comes back to Maxcess. And Maxcess was a purchase agreement, I think. But you're saying it doesn't make any difference video, which leads to my question. What are we going to do with AI on videos? I'm serious. I don't worry about somebody forging a purchase agreement because both sides have a copy of it. And they can point it out. But shouldn't we be concerned about that? Or does that go back to the authenticity requirement? If it does go back to the authenticity requirement, I'm opposing considering something that's attached to the motion to dismiss of the 12B6 motion or the answer. All I got to say is I dispute the authenticity of it. Well, no. I think that the answer to your question is I think the court is correct. Having given about 30 seconds of thought to this, because it's not pertinent in this case, is that yes, that will be addressed on authenticity. But I think that like- Addressed where? Because on videos, I'm concerned about this. Attach a video to it. And boy, it's a blockbuster video. We don't have to fill with this case if we can consider the video. The other side says you can't consider it 12B6 or other stage. Here, you can't do judgment on the pleadings either because I dispute the authenticity of it. What does the district judge then do? I think the district judge is going to have to apply its discretion and determine whether or not at that point, the courts are going to have to start to wrestle with these authenticity issues. And what does that mean at the 12B6 and the 12C stage? But that's not this case. I know. I know. But we opened the video door any wider. And we're going to have these issues. And I think we need to know going forward what we're doing here. Purchase agreement is one thing. Video, we've all seen those. Ask Taylor Swift what she thinks about videos. But that's not a reason to allow a plaintiff not to attach a video that is of the issue. You're here. Everybody's dressed up, got microphones. What does a district judge do when somebody says, judge, it's not authentic? I've talked to my client and he says it's lies, lies, and more lies. That didn't happen. That's not authentic. They've messed with the video. I think there's going to have to be some indication that there's some problem with authenticity. The indication is the man files an affidavit saying that just didn't happen. They've screwed up the video. Well, in that case, then there may in fact be some issue that doesn't merit a 12B or a 12C motion. But that's not what we have here. I've got 30 seconds, but unless you've got questions, I've got nothing else to say. Thank you. Mr. Cunningham, you have two minutes. Good morning, your honors. May it please the court. Again, Pearson Cunningham on behalf of the city of Atlanta. I just want to point out the district court dismissed the Monell claim on two independent grounds. The district court found no constitutional violation in connection with Officer Ross' motion. But the court also clearly held in footnote 3 that the Monell claim failed on the merits on the other elements of Monell under 12-6. So as we explained in the red brief, Johnson's abandoned review of that issue on appeal, that latter holding. So the dismissal as to the city can be affirmed either on abandonment or on the district court's video issue. There are no questions as to that, those few points. I'd like to turn to the video and add a couple more points to that. I think the key distinction between Baker and this case, Baker notes, quoting the Brooks decision, that there's a reference in the complaint requirement. And there's an important reason for that. Because in the 12B-6 context, if the plaintiff refers to it in the complaint but fails to and the Seventh Circuit decisions cited in day explain that the plaintiff's omission there doesn't defeat the incorporation by reference doctrine. The reference there is in the complaint. But in the 12C context, like we have here, it's attached to the answer. And so therefore, it is incorporated directly under Rule 10C. And it's an exhibit to the pleading. And it's directly in consideration at the motion.  Excuse me, Your Honor? Don't mean it's physically attached to the answer. It is an exhibit to the answer. So it's not physically attached. But it's an exhibit to the answer. And under Rule 10C, an exhibit to a pleading is a part of the pleading for all purposes. So I think that's the key distinction. This court wants to reconcile Baker, Horsley, and the other decisions. Baker is a Rule 12B-6. Don't have to. All we have to say is this is what Max says held. It is binding on all future panels. Correct, Your Honor. But I would like to point out that I believe Max's is a 12B-6 case. Horsley is the 12C case. And we've held in other cases that the same standards apply to both, have we not? Yes, Your Honor. And I just wanted to provide the court a way to reconcile Baker, the Brooks decision. If the court is inclined to adhere to the third requirement, it should make clear it's in the 12B-6 context. Thank you, Your Honors. Thank you. Mr. Goldberg, you have five minutes for rebuttal. The issue about qualified immunity is a red herring because all that would be necessary would be for the court to say, I'm going to treat this as a summary judgment motion. And then the question would be whether or not a plaintiff could prevail upon the court to give them some time to do discovery or not. But as far as not being able to raise it at the earliest possible opportunity, of course, they could raise it. Isn't sometimes a complete discovery an understatement of what that would look like? I apologize. If you could speak into the mic, it would really help me. If you could speak into the microphone. Yes, yes, I am. Can you hear me now? Yes. Great. Isn't some time to do discovery a pretty dramatic understatement of what that would entail? Let's say it's not your client, but let's say that for a different person, a video clearly shows that there is no violation, right? Isn't opening it up to summary judgment a huge burden and expense when we know from the pleadings that nothing actually occurred that was unconstitutional? I think no, it's not. All it is is basically, you know, taking the same motion you've already filed and responding. Well, I mean, taking the same motion you've already filed, put in a statement of undisputed facts and file the same motion. And then the plaintiff has had an opportunity to say, these are the undisputed facts. And if there are no undisputed facts, you get to the same result. We're right, but the plaintiff can take, the plaintiff can take depositions of various officers and participants. The plaintiff can seek documents, which is expensive. I mean, summary judgment is not ordinarily a right undertaking. You know, Your Honor, I must say that the playing field is already tilted in favor of the defendant. Okay. For example, the plaintiff is required to comply with Iqbal rules. The defendant is not. We know that there's going to be a motion for summary judgment. And it is just part of the course. If you have a motion to dismiss, the judge can, in fact, limit the amount of discovery that's to be done. The judge doesn't have to say, well, you get to do all the discovery in the world. But I mean, for example, he could simply say, take the officer's deposition. That's not all that hard to do, and it's not all that onerous. It happens in lots of cases that are not the civil rights cases all the time. Assuming that the district court properly allowed the videotape, what is your best argument as to why those two videotapes don't clearly show that Rolfe did not commit a constitutional violation? Well, Your Honor, I think my best evidence would be to read the opinion. The court does not say, at no point does the court say that the videotape is undisputed. What, in fact, the court says is it goes through some of the evidence that it thinks. It quotes not only, you know, the narration of the officers, which can't possibly be, you know, binding on anybody. And even then, the narration of the officers is different. At one point, they talk about placing them on the ground. That's the officer. The other one says, throw him to the ground. In fact, the court at one point says, throw him to the ground. There's four or five different explanations from the court as to what happened. It isn't like the court is looking at the videotape and saying, the videotape undisputably says this is what happened. I think we go back to the fact that in Roberts, and I believe, Judge Grant, you were on that unreported case, the court talked about the idea that it may be very important, but it's not central. I mean, among other things, the defendant acts like the plaintiff did this out of some kind of tactical. Well, the plaintiff doesn't have access to those videos. I guess I can't. I'm really failing to follow your argument that this isn't central to the plaintiff's claims. I apologize. I guess I'm not following your contention that this video is not central to the plaintiff's claims when it captures the entire event from officer encounter to through the takedown. Your Honor, let me phrase it this way. Charlie Chaplin and Buster Keaton were geniuses, and they had captions on their movies. They didn't expect that the audience would follow just the pictures. In this particular case, the audio that's not there would tell, we think, a different story. If the person is thrown to the asphalt and he gets up complaining about his shoulder, you know, that's a contrary fact. I see that my time is up. Thank you very much. Thank you both. Thank you all. We have your case under advisement. So, our third and final case of the day is